# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| THE CENAPS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>COMMUNITY OF CHRIST and HERALD HOUSE dba INDEPENDENCE PRESS,<br><br>    Defendants | Civil Action. No. 8:18-cv-01276-SCB-TGW |
| HERALD PUBLISHING HOUSE dba INDEPENDENCE PRESS,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>THE CENAPS CORPORATION and TERENCE GORSKI,<br><br>    Counterclaim-Defendants | |

## HERALD PUBLISHING HOUSE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Herald Publishing House (incorrectly named in the Complaint as "Herald House," but referred to herein, for convenience, as "Herald House"), by counsel, hereby answers the Complaint filed against it by Plaintiff The CENAPS Corporation ("CENAPS"), stating as follows.

# ANSWER

1.      Plaintiff The CENAPS Corporation ("CENAPS"), brings this action for violations of its exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute CENAPS's original copyrighted works of authorship.

**RESPONSE:** Herald House admits CENAPS brings this action under the Copyright Act, 17 U.S.C. § 106. Herald House denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.      The CENAPS Corporation maintains its principal place of business in this district.

**RESPONSE:** Herald House lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3.      CENAPS is the owner of all rights to the books and other works of authorship by Terence Gorski. Terence Gorski is an internationally recognized expert on substance abuse, mental health, violence, and crime. He is best known for his contributions to relapse prevention, managing chemically dependent offenders, and developing community-based teams for managing the problems of alcohol, drugs, violence, and crime. He has extensive experience working with employee assistance programs (EAP) and has special expertise in working with emergency professionals including fire, medical, and law enforcement. He is a prolific author and has published numerous books and articles.

**RESPONSE:** Herald House lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.      CENAPS owns all rights to the Works written by Gorski that are listed on Exhibit 1 to this Complaint.

**RESPONSE:** Herald House lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5. CENAPS also owns the trademark "CENAPS" for educational services, namely conducting training programs for chemically dependent persons, in Class 41, and for counseling and consulting services for chemically dependent persons, in Class 42, Reg. No. 1,585,103, registered on February 27, 1990, renewed numerous times and currently incontestable. Attached hereto as Exhibit 2 is the Registration Certificate for the "CENAPS" service mark.

**RESPONSE:** Herald House lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6. Defendant COMMUNITY OF CHRIST is a Missouri not for profit corporation that does business as Herald House, with its principal place of business in Independence, Missouri.

**RESPONSE:** Herald House admits that Community of Christ is a Missouri not for profit corporation, but denies that it does business as Herald House. Herald House denies all remaining allegations contained in Paragraph 6.

7. Defendant HERALD HOUSE, is a Missouri trust that does business as Independence Press, with its principal place of business in Independence, Missouri.

**RESPONSE:** Herald House admits that Herald Publishing House is a Missouri trust that does business as Independence Press, with its principal place of business in Independence, Missouri.

8. CENAPS alleges that COMMUNITY OF CHRIST and HERALD HOUSE copied CENAPS's copyrighted Works and distributed the Works without the permission or authority of CENAPS.

**RESPONSE:** Herald House admits that CENAPS has *alleged* that Community of Christ and Herald House copied CENAPS's copyrighted Works and distributed the Works without the permission or authority of CENAPS. However, Herald House denies the allegations that it has copied CENAPS's copyrighted Works and/or distributed the Works without CENAPS's permission or authority, or that it has in any way violated CENAPS's rights, or that it is liable to CENAPS for any reason whatsoever.

9. CENAPS alleges that COMMUNITY OF CHRIST and HERALD HOUSE infringed on the "CENAPS" service mark in connection with their copying and distribution of the Works after termination of all such rights of copying and distribution, and that COMMUNITY OF CHRIST and HERALD HOUSE did so without the permission or authority of CENAPS.

**RESPONSE:** Herald House admits that CENAPS has *alleged* that Community of Christ and Herald House have infringed on the CENAPS mark. However, Herald House denies that it has infringed the CENAPS mark, or that it has in any way violated CENAPS's rights, or that it is liable to CENAPS for any reason whatsoever.

10. This is an action arising under the Copyright Act, 17 U.S.C. § 501, and the Lanham Act, 15 U.S.C. § 1114.

**RESPONSE:** Herald House admits that this is an action arising under the Copyright Act and the Lanham Act.

11. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

**RESPONSE:** Herald House admits that this Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

12. Defendants are subject to personal jurisdiction in Florida under Fla. Stat. § 48.193(1)(a) because Defendants have operated, conducted, engaged in, and/or carried on a business or business venture in Florida, committed a tortious act in Florida, and caused an injury in Florida to CENAPS while engaging in solicitation or service activities in Florida or while products, materials, or things processed, serviced, or manufactured by the Defendants anywhere were used or consumed within Florida in the ordinary course of commerce.

**RESPONSE:** Herald House denies that it is subject to personal jurisdiction in Florida and denies all remaining allegations contained in Paragraph 12.

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants are not residents of the United States, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

**RESPONSE:** Herald House denies that venue is proper in this district and denies all remaining allegations contained in Paragraph 13.

14. COMMUNITY OF CHRIST's principal place of business is 1001 Walnut St., Independence, Missouri, 64050.

**RESPONSE:** Herald House admits that Community of Christ, a Missouri non-profit corporation, has its headquarters located at 1001 *West* Walnut Street, Independence, MO 64050. Herald House denies any remaining allegations in Paragraph 14 of the Complaint.

15. HERALD HOUSE's principal place of business is 1001 Walnut St., Independence, Missouri, 64050.

**RESPONSE:** Herald House admits that its principal place of business is 1001 *West* Walnut Street, Independence, Missouri 64050.

16. Both defendants can be served through their registered agent Michele McGrath at 1001 Walnut St., Independence, Missouri, 64050.

**RESPONSE:** Herald House admits that its registered agent is Michele McGrath, who has a business address at 1001 *West* Walnut Street, Independence, Missouri, 64050.

17. Prior to September 30, 2017, CENAPS and/or Gorski entered into publishing agreements with the Defendants under which Defendants were granted rights to copy and distribute the Works subject to numerous requirements including the payment of royalties to CENAPS for the sale of each copy of the Works.

**RESPONSE:** Herald House admits that, prior to September 30, 2017, Gorski entered into publishing agreements with Herald House, the terms of which speak for themselves. Herald House denies that any of its publishing agreements were with CENAPS. Herald House further denies that Community of Christ ever entered into any publishing agreements with CENAPS and/or Gorski. Herald House denies any remaining allegations in Paragraph 17 of the Complaint.

18. On or about August 3, 2017, CENAPS through its counsel, terminated all publishing agreements for the Works effective September 30, 2017, and permitted Defendants to sell off remaining inventory of the Works through December 31, 2017.

**RESPONSE:** Herald House denies all allegations contained in Paragraph 18 of the Complaint. Although CENAPS purported to terminate all publishing agreements for some of the Works listed in Exhibit 1, Herald House denies that termination was effective, and further denies that CENAPS had the right to determine any sell off period. Herald House denies any remaining allegations in Paragraph 18.

19. Sales of all remaining inventory of the Works were required to cease by December 31, 2017.

**RESPONSE:** Denied.

20. Despite notice to Defendants, the Defendants continued to copy and distribute the Works after December 31, 2017, in violation of CENAPS's exclusive rights under the Copyright Act.

**RESPONSE:** Herald House admits that it distributed copies of some of the Works after December 31, 2017. Herald House denies that it continued to copy, after December 31, 2017, any of the Works covered by the Agreements CENAPS purports to have terminated in its counsel's August 3, 2017 letter. Herald House further denies that its distribution or copying of any of the Works, at any time, has in any way violated CENAPS's exclusive rights under the Copyright Act. Herald House denies any remaining allegations in Paragraph 20.

21. In connection with the Defendants' continued copying and distribution or the Works after December 31, 2017, defendants used the "CENAPS" service mark on the defendants' website to sell, promote, market and advertise the Works to the public.

**RESPONSE:** Herald House admits that it used the CENAPS mark to identify CENAPS materials it was (and is) lawfully permitted to sell. Herald House denies the remaining allegations in Paragraph 21.

22. Defendants' use of the "CENAPS" mark was without the permission or authority of CENAPS.

**RESPONSE:** Denied.

<u>COUNT I</u>
COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

**RESPONSE:** For its response to Paragraph 23, Herald House incorporates by reference its responses to Paragraphs 1 through 22, above, as though fully set forth herein.

24. CENAPS owns valid copyrights in the Works at issue in this case.

**RESPONSE:** Herald House lacks knowledge or information sufficient to form a belief as to whether CENAPS, rather than Gorski or third-party joint owners, owns the copyrights in the Works at issue in this case, and therefore denies the allegations of Paragraph 24.

25. CENAPS registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**RESPONSE:** Herald House lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26. Defendants copied and distributed the Works at issue in this case without CENAPS's authorization in violation of 17 U.S.C. § 501.

**RESPONSE:** Denied.

27. Defendants acted willfully, intentionally, and in total disregard of and with indifference to CENAPS's registered copyright in the Works.

**RESPONSE:** Denied.

28. CENAPS has been damaged.

**RESPONSE:** Denied.

29. The harm caused to CENAPS has been irreparable.

**RESPONSE:** Denied.

8

## COUNT II
## TRADEMARK INFRINGEMENT

30. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

**RESPONSE:** For its response to Paragraph 30, Herald House incorporates by reference its responses to Paragraphs 1 through 22, above, as though fully set forth herein.

31. CENAPS owns the service mark "CENAPS" for educational services, namely conducting training programs for chemically dependent persons, in Class 41, and for counseling and consulting services for chemically dependent persons, in Class 42, Reg. No. 1,585,103, registered on February 27, 1990, renewed numerous times and currently incontestable.

**RESPONSE:** Herald House lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32. The "CENAPS" mark is the property of CENAPS.

**RESPONSE:** Herald House lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33. The "CENAPS" mark cannot be used without the permission and authority of CENAPS.

**RESPONSE:** Denied.

34. Defendants used the "CENAPS" mark in commerce in connection with the sale of the Works.

**RESPONSE:** Herald House admits it used the CENAPS mark to identify CENAPS materials it was (and is) lawfully permitted to sell. Herald House denies any remaining allegations in Paragraph 34.

9

35. Defendants used the "CENAPS" mark in commerce without the permission of CENAPS.

**RESPONSE:** Denied.

36. Defendants acted willfully, intentionally, and in total disregard of and with indifference to CENAPS's registered service mark.

**RESPONSE:** Denied.

37. CENAPS has been damaged.

**RESPONSE:** Denied.

38. The harm to CENAPS has been irreparable.

**RESPONSE:** Denied.

Except as specifically admitted, Herald House denies each and every allegation contained in CENAPS's Complaint, including CENAPS's prayer for relief. Herald House requests that the Complaint be dismissed with prejudice in its entirety and that the Court grant Herald House recovery of its costs and reasonable attorneys' fees and such other and additional relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Herald House bears the burden of proof as to any of them, Herald House asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

CENAPS's Complaint fails to state a claim against Herald House upon which relief can be granted and should, therefore, be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

CENAPS's claims are barred in whole or in part because the agreements at issue were never validly terminated.

## THIRD AFFIRMATIVE DEFENSE

CENAPS's claims are barred in whole or in part because Herald House is not subject to personal jurisdiction in Florida.

## FOURTH AFFIRMATIVE DEFENSE

CENAPS's claims are barred in whole or in part because venue is improper.

## FIFTH AFFIRMATIVE DEFENSE

CENAPS's claims are barred in whole or in part under the First Sale Doctrine.

## SIXTH AFFIRMATIVE DEFENSE

CENAPS's claims are barred in whole or in part because the works in question are joint works.

## SEVENTH AFFIRMATIVE DEFENSE

CENAPS's claims are barred in whole or in part because Herald House has an exclusive license to publish the works in question.

## EIGHTH AFFIRMATIVE DEFENSE

CENAPS's trademark claims are barred in whole or in part because of the doctrine of fair use.

## **COUNTERCLAIM**

Counterclaim-Plaintiff Herald Publishing House (incorrectly named in the Complaint as "Herald House," but referred to herein, for convenience, as "Herald House"), by counsel, for its Counterclaim against Counterclaim-Defendants The CENAPS Corporation ("CENAPS") and Terence T. Gorski ("Gorski"), states as follows:

## NATURE OF CLAIMS

1. Counterclaim-Plaintiff Herald House sets forth as its counterclaim in this action a claim for copyright infringement for violations of its exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute works of authorship under an exclusive license between the parties.

## PARTIES, JURSIDICTION, AND VENUE

2. Herald House is a Missouri trust with a principal place of business at 1001 West Walnut Street, Independence, Missouri 64050.

3. On information and belief, CENAPS is a Florida corporation with its principal place of business at 900 Emerson Road, Brooksville, Florida 34601.

4. On information and belief, Gorski is a resident of Spring Hill, Florida, residing at 13194 Spring Hill Drive, Spring Hill, Florida 34609.

5. On information and belief, Gorski is the President of The CENAPS Corporation ("CENAPS").

6. The Court has subject matter jurisdiction over these Counterclaims pursuant to 15 U.S.C § 1331 because this case arises under the Federal Copyright Act, 17 U.S.C. §§ 101, et seq. The Court also has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367 because the claims herein are so related to Plaintiff CENAPS's claims in the Complaint that they form part of the same case or controversy.

7. Venue is proper in this district under 28 U.S.C. § 1391 because CENAPS and Gorski reside in this district.

**INFRINGEMENT BY GORSKI AND CENAPS**

8. In a series of Author Agreements and Electronic Media Agreements (hereafter "the Agreements") between Terence T. Gorski and Herald Publishing House, Gorski granted Herald House "the exclusive right to publish . . . in the United States of America and World Wide Publication" for specific Works, many of which are listed in Exhibit 1 of CENAPS's Complaint.

9. The Agreements constitute exclusive licenses granting Herald House exclusive publishing rights in certain of the Works listed on Exhibit 1.

10. Some of the Works listed on Exhibit 1 were never subject to a publishing agreement with Herald House, and were never published by Herald House.

11. Under 17 U.S.C. § 501, the legal or beneficial owner of an exclusive right under a copyright is entitled to institute an action for any infringement of that particular right committed while he or she is the owner of it.

12. The Agreements all explicitly state that they shall continue in force and effect unless terminated by Gorski pursuant to or in conjunction with one of four (4) scenarios.

13. The first option for termination only applies when a work is out of print and Gorski requests a subsequent printing. Pursuant to this option, if Herald House declines within six (6) months after a written request from Gorski to republish a particular out of print work, Gorski shall have the right to produce that work independently and the Agreement for that work shall terminate.

14. Pursuant to the second option for termination, if a work is out of print, Herald House shall give notice to Gorski within thirty (30) days of the work being out of print. If within thirty (30) days after such written notice Herald House does not indicate that it will within six (6)

months bring out a new edition, then all rights and responsibilities under the Agreement for that work (other than as otherwise provided) shall revert to Gorski and the Agreement for that work shall terminate.

15. As defined in the Agreements, "a work shall be considered to be in print if it is on inventory of Publisher" (Herald House).

16. Pursuant to the <u>third</u> option for termination, if at any time after the expiration of twelve (12) months from the date of publication Herald House determines there is not sufficient sale for the work to enable it to continue publication and sale thereof profitably, Herald House may summarily discontinue all future publications and/or reduce the sale price of said publication.  In the event Herald House discontinues publication or reduces the sales price of more than fifty percent (50%) of the retail price per volume or item established for the initial sale of the work, Gorski shall have the option to buy from Herald House all copies on hand at the reduced prices, and all electro-type or stereotype plates, if any, at fifty percent (50%) of their cost of production.

17. Pursuant to the <u>fourth</u> option for termination, in case of bankruptcy or liquidation of Herald House for any cause, the rights of publication granted in the Agreements shall immediately terminate and revert to Gorski.

18. None of the Agreements allow for Gorski to terminate at will.

19. None of the Works covered by the Agreements CENAPS purports to have terminated in its counsel's August 3, 2017 letter were out of print works, and therefore Herald House did not receive a written request from Gorski to republish any out of print works. Therefore, the <u>first</u> option for termination does not apply and did not terminate the Agreements.

20. The Works at issue are still on inventory of Herald House. Therefore, pursuant to the Agreements, none of the Works in the Agreements CENAPS or Gorski purported to terminate are out of print.

21. Further, CENAPS admits in its Complaint that the Works are not out of print, because CENAPS alleges Herald House is continuing to publish and distribute the Works.

22. Because the Works are not out of print, the <u>second</u> option for termination does not apply and did not terminate the Agreements.

23. Herald House did not discontinue publication of the Works at issue.

24. Herald House did not reduce the sales price of more than fifty percent (50%) of the retail price per volume or item established for the initial sale of the Works at issue.

25. Because Herald House did not discontinue publication or reduce the sales price of more than fifty percent (50%) of the retail price of the Works at issue, the <u>third</u> option for termination does not apply and did not terminate the Agreements.

26. Herald House has not filed for bankruptcy.

27. Herald House has not liquidated.

28. Because there has been no case of bankruptcy or liquidation of Herald House, the <u>fourth</u> option for termination does not apply and did not terminate the Agreements.

29. The termination of the transfer by Gorski to Herald House of the exclusive license to publish the Works is governed by 17 U.S.C. § 203(a).

30. The requirements of 17 U.S.C. § 203(a) for the termination of the transfer by Gorski to Herald House of the exclusive license to publish the Works have not been met.

31. Because Gorski did not terminate the Agreements pursuant to any of the four (4) termination provisions in the Agreements, and the requirements for the termination of transfers

under 17 U.S.C. § 203(a) have not been met, the Agreements remain in force and effect and Herald House has the exclusive license to publish and distribute the Works covered by those Agreements.

32. CENAPS and Gorski are currently publishing and distributing at least nine (9) of the Works to which Herald House holds an exclusive license. A list of these works (the "Infringing Works") is attached as Exhibit A to this Counterclaim.

33. CENAPS's and Gorski's publication and distribution of the Infringing Works is a violation of Herald House's exclusive license, and constitutes copyright infringement.

## COUNTERCLAIM COUNT I
## COPYRIGHT INFRINGEMENT

34. Under 17 U.S.C.S. § 501, Herald House, as an exclusive licensee and the legal or beneficial owner of an exclusive right under copyright, is entitled to bring an action against CENAPS and Gorski for infringement of that right.

35. CENAPS and Gorski are publishing and distributing the Infringing Works at issue in this case without Herald House's authorization in violation of 17 U.S.C. § 501.

36. CENAPS and Gorski are publishing and distributing the Infringing Works on the websites located at <gorskibooks.com> and <cenaps.com>.

37. CENAPS's and Gorski's publication of the Infringing Works violates Herald House's exclusive license under the Agreements.

38. CENAPS's and Gorski's distribution of the Infringing Works violates Herald House's exclusive license under the Agreements.

39. CENAPS and Gorski acted willfully, intentionally, and in total disregard of and with indifference to Herald House's exclusive license in the Infringing Works.

40. Herald House has suffered both monetary and non-monetary damages as a result of CENAPS's and Gorski's unlawful actions with regard to the Infringing Works.

41. The harm caused to Herald House has been irreparable.

## JURY DEMAND

Herald House hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Herald House prays for the following relief:

1. Plaintiff takes nothing by way of the Complaint and that the action be dismissed with prejudice;

2. Judgment be entered in favor of Herald House and against Plaintiff with respect to all Counts in the Complaint;

3. Judgment be entered in favor of Herald House and against CENAPS and Gorski with respect to Herald House's Counterclaim;

4. Judgement be entered that CENAPS and Gorski's infringement was willful;

5. The Court restrain and enjoin CENAPS and Gorski, and their respective officers, agents, servants, affiliates, employees, parent and subsidiary corporations, as applicable, from publishing, distributing, or copying any of the Works subject to the exclusive licenses granted by the Copyright Owner (Gorski) to Herald House under the Agreements;

6. The Court grant an award of damages to Herald House in an amount sufficient to compensate it for the injury it has sustained as a consequence of CENAPS's and Gorski's unlawful acts;

7. CENAPS and Gorski be ordered to disgorge to Herald House the profits CENAPS and Gorski have unjustly derived as a result of their unlawful conduct.

8. Alternatively, at Herald House's election, that it be awarded statutory damages for willful infringement of each Infringing Work as provided in 17 U.S.C. § 504(c).

9. The Court grant Herald House recovery of the costs of this action and the reasonable attorneys' fees and other expenses of litigation Herald House incurs in connection with this action;

10. The Court grant Herald House prejudgment interest and costs; and

11. The Court grant Herald House such other, different, and additional relief as the Court deems just and proper.

Respectfully submitted, this 22nd day of October, 2018.

/s/ Ryan W. Koppelman
Ryan W. Koppelman
FL Bar No. 909041
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
(650) 838-2009 (telephone)
ryan.koppelman@alston.com

*Trial Counsel for Defendants Community of Christ, a Missouri nonprofit corporation, and Herald Publishing House dba Independence Press, a Missouri Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2018, a true and correct copy of the foregoing **HERALD PUBLISHING HOUSE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** was filed electronically via the Court's CM/ECF system, which will automatically send a copy to all counsel of record.

    /s/ Ryan W. Koppelman_____